IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOAN MARIE WILLIAMS,           § | |
|       Petitioner,          § | |
| § | |
| v.                                           § | CIVIL CASE NO.  3:15-CV-2775-D-BK |
| § | |
| § | |
| UNITED STATES OF AMERICA, § | |
|       Respondent.          § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a former federal prisoner, filed her *pro se* petition for writ of error *coram nobis* on August 25, 2015.  Doc. 3.  For the reasons that follow, it is recommended that the petition for writ of error *coram nobis*, Doc. 3 be **DENIED**.

**I. BACKGROUND**

In 1993, Petitioner, an alien legal resident, pleaded guilty to conspiring to launder money and structure financial transactions.  Doc. 3 at 1.  She subsequently was convicted and sentenced to two years' imprisonment and a three-year term of supervised release.  Doc. 3 at 1; Crim. Doc. 228 at 1-3.  Immediately following the completion of Petitioner's sentence in 1997, INS detained and deported her to Jamaica.  Doc. 3 at 3–4.  Petitioner "tried for a Presidential pardon in 1998" but otherwise took no action to challenge her conviction beyond making phone calls and writing letters to lobbyists, lawyers, government officials, and the Pope.  Doc. 5 at 7–8.  Finally, in 2014, after being denied a visa application due to her prior conviction, Petitioner sent a letter to this Court seeking to set aside her conviction.  Doc. 3 at 8.  The Court treated the letter as a *coram nobis* petition and denied it.  Doc. 3 at 8; Crim. Doc. 230.  The following year, Petitioner filed a

letter request to reduce the charge, which, treated as a new *coram nobis* petition, was denied in July 2015.  Doc. 3 at 9; Crim. Doc. 256.  Undeterred, Petitioner filed this *coram nobis* petition one month later.  Doc. 3 at 1.

In support of her position, Petitioner argues that her conviction should be set aside for ineffective assistance of counsel because her court-appointed lawyer failed to advise her of the deportation consequences of entering a guilty plea.  Doc. 3 at 1–3; Doc. 5 at 3–5.  Petitioner also argues that her sentence was erroneously computed because she did not receive a downward departure as was allegedly promised to her and because she denies any knowing involvement in drug trafficking.  Doc. 3 at 3; Doc. 5 at 3.  Finally, Petitioner argues that her due process and equal protection rights were infringed by her detention pending trial, as her codefendants allegedly received more favorable treatment despite being what Petitioner describes as more "criminally active."  Doc. 3 at 3; Doc. 5 at 3.

## II. APPLICABLE LAW

The writ of *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors 'of the most fundamental character'" have occurred in a criminal proceeding.  *United States v. Dyer,* 136 F.3d 417, 422 (5th Cir.1998) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)); *see also United States v. Denedo*, 556 U.S. 904, 911–913 (2009).  It is available to a defendant "no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"  *United States v. Castro*, 26 F.3d 557, 559 (5th Cir.1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir.1989)).  The *coram nobis* remedy "should issue to correct only errors which result in a complete miscarriage of justice."

*Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512).  In addition, the writ is appropriate "only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'"  *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512).  Moreover, the petitioner "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct," *id.,* and "must . . . provide 'sound reasons' for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody."  *United States v. Esogbue,* 357 F.3d 532, 535 (5th Cir.2004).

In the present case, Petitioner has already served her sentence and is unable to travel to the United States as a result of her conviction.  Doc. 3 at 4, 7.  Thus, she satisfies the first two elements for *coram nobis* relief.  *See Castro*, 26 F.3d at 559 (*coram nobis* petitioners must be "no longer in custody" and "must be suffering civil disabilities as a consequence of criminal convictions"); *see also Esogbue*, 357 F.3d at 534 (district court had jurisdiction to hear *coram nobis* petition when petition was filed in the court of conviction, sentence was served, and petitioner faced consequence of deportation).  However, Petitioner still must show that a fundamental error justifies vacating her conviction and that sound reasons exist for her delay to seek earlier appropriate relief.  *See Dyer*, 136 F.3d at 422 (*coram nobis* will issue only to correct errors of "the most fundamental character" and "sound reasons" must exist for failure to seek earlier appropriate relief).

"[I]neffective assistance of counsel, if proven, can be grounds for *coram nobis* relief." *Esogbue*, 357 F.3d at 534.  Furthermore, in *Padilla v. Kentucky*, the Supreme Court held that the Sixth Amendment right to counsel includes the right of a criminal defendant to be informed of the deportation consequences of entering a guilty plea.  559 U.S. 356, 366 (2010).  However, in

*Chaidez v. United States*, the Supreme Court held that the rule announced in *Padilla* did not apply retroactively to convictions finalized before that decision. 133 S. Ct. 1103, 1107–11 (2013). Petitioner's conviction became final in 1993. Doc. 3 at 1; Doc. 5 at 5. Therefore, Petitioner cannot avail herself of *Padilla*'s holding. *Id.* Prior to *Padilla*, the Court of Appeals for the Fifth Circuit had held that the Sixth Amendment right to counsel did not include the right to be advised by counsel of the deportation consequences of a guilty plea. *Santos-Sanchez v. United States*, 548 F.3d 327, 336 (2008), *rev'd*, 559 U.S. 1046 (2010) (reversed in light of *Padilla v. Kentucky*).

Similarly, Petitioner's allegations that her sentenced was erroneously computed cannot justify vacating her conviction. Petitioner has not explained how such errors bear upon the validity of her conviction. *See Lowery v. United States*, 956 F.2d 227, 229-30 (11th Cir. 1992) (holding that allegation of sentencing error implicated only validity of sentence, not validity of conviction itself, and thus was not cognizable *coram nobis* claim). Nor does Petitioner point to any evidence suggesting that her guilty plea was not knowing and voluntary. Moreover, Petitioner's submission to this Court that she had no involvement with drugs is simply a belated attempt to retract the factual admissions underlying her guilty plea. Doc. 3 at 1–2; Doc. 5 at 4–5; Presentence Report, Crim. Doc. 228 at 12 (PSR ¶ 13, noting that Defendant admitted that she knew the money she wired was from drug proceeds).

Likewise, Petitioner's due process and equal protection arguments are without merit. The procedure governing pretrial release does not violate due process, *United States v. Salerno*, 481 U.S. 739, 746–52 (1987), and Petitioner does not allege that there were procedural irregularities in her case. Doc. 3 at 3; Doc. 5 at 3. Furthermore, prosecutors have substantial discretion in deciding whom to prosecute, and the simple fact that a coconspirator or codefendant is treated

more favorably is not violative of equal protection. *United States v. Lawrence*, 179 F.3d 343, 347–48 (5th Cir. 1999). Absent a showing that Petitioner was invidiously discriminated against "based upon an unjustifiable standard like race, religion, or other arbitrary classification," Petitioner's equal protection claim cannot succeed. *Id.* at 349.

Finally, and in any event, Petitioner has failed to advance sound reasons for her failure to seek earlier relief. *See Dyer*, 136 F.3d at 422 ("sound reasons" must exist for failure to seek earlier relief). Petitioner admits having discovered the possible immigration consequences while in jail "weeks later" after entering her guilty plea in 1993, Doc. 3 at 2; Doc. 5 at 4, yet she failed to raise the issue until 2014. Doc. 3 at 8. Petitioner could have raised the issue in a section 2255 motion while in custody or in a *coram nobis* petition at any time following her 1997 release. Petitioner has offered no reason for having failed to do so other than her *pro se* status, her lack of legal knowledge, and the failure of her attorney to inform her of her right to appeal. Doc. 5 at 7–8. Yet these reasons are insufficient, as there is no right to counsel in post-conviction proceedings. *United States v. Crummey*, No. 4:10-CR-315, 2015 WL 6760389, at *2 (S.D. Tex. Nov. 5, 2015) ("because there is no right to habeas counsel, a petitioner 'must bear the risk of attorney error that results in a procedural default'" (quoting *Coleman v. Thompson*, 501 U.S. 722 752–53 (1991))).

The only actions that Petitioner took to seek relief were an attempt to secure a presidential pardon in 1998 and a handful of phone calls made and letters sent over the course of the following 16 years. Doc. 5 at 7–8. These sporadic attempts to obtain relief are not sufficient to excuse a delay of over 20 years. *United States v. Riedl*, 496 F.3d 1003, 1006–07 (9th Cir. 2007) (holding that petitioner's deportation and diminished capacity were insufficient to justify delay of over six years); *United States v. Boyd*, C.A. No. C-06-453, 2006 WL 3044467, at *4

(S.D. Tex. Oct. 23, 2006) (denying petition when no reasons were given for lack of section 2255 motion and petition was not filed until two years after release from custody); *see also*, *e.g.*, *Monroe v. United States,* No. 1:04-CV-389, 2005 WL 2133668, at * 5 (E.D. Tex. Aug. 31, 2005) (holding that delay of over 15 years was not justified when error could have been discovered immediately using due diligence).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of error *coram nobis* be **DENIED**.

**SIGNED** April 26, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE